Steven John Moser (SM1133)
Moser Law Firm, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Pablo Orellana, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| -*against*- | |
| New Food Corp. d/b/a Foodtown and Jason Ferreira, | |
| Defendants. | |

COMPLAINT

Plaintiff Pablo Orellana ("Plaintiff"), by his attorney Moser Law Firm, P.C., complaining of Defendants New Food Corp. and Jason Ferreira, alleges:

NATURE OF THE ACTION

1. Plaintiff brings this action for unlawful retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), New York Labor Law § 190, et seq. ("NYLL"), and for Defendants' Breach of a Collective Bargaining Agreement under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 185, 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as such claims are so related in this action to the

federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## THE PARTIES

### *Plaintiff*

4. The Plaintiff herein is an adult individual who is a resident of Richmond County, New York.

5. The Plaintiff herein was employed by the Defendants.

6. The Plaintiff herein was a covered employee within the meaning of the FLSA and the NYLL.

7. The Plaintiff was a member in good standing of United Food and Commercial Workers Union Local 342 from approximately 2010 until his separation from employment with the Defendants.

### *Defendant New Food Corp.*

8. The Defendant New Food Corp. is a New York Corporation.

9. The Defendant New Food Corp's principal place of business is located at 3367 Hillside Ave, New Hyde Park, NY 11040.

10. The Defendant New Food Corp. does business as Foodtown.

11. The Defendant New Food Corp. is an employer within the meaning of the FLSA and the NYLL and employs the Plaintiff.

*Defendant Jason Ferreira*

12. Jason Ferreira is a natural person residing in Nassau County, New York.

13. Defendant Jason Ferreira is an officer of New Food Corp.

14. Defendant Jason Ferreira is a shareholder of New Food Corp.

15. Defendant Jason Ferreira is the General Manager of New Food Corp.

16. Jason Ferreira exercised operational control over New Food Corp.

17. Jason Ferreira had the power to hire and fire the Plaintiff.

18. Jason Ferreira controlled the terms and conditions of Plaintiff's employment and determined the rate and method of his compensation.

19. The Defendant Jason Ferreira is an employer within the meaning of the FLSA and the NYLL and employed the Plaintiff.

*The United Food and Commercial Workers Union Local 342*

20. The United Food and Commercial Workers Union Local 342 ("Union") is an unincorporated association and labor organization.

21. The Union maintains an office at 166 East Jericho Turnpike, Mineola, New York.

22. The Union is not a party to this lawsuit.

23. The Union is the exclusive bargaining representative of certain classifications of New Food's employees.

24. The Union was the exclusive bargaining representative of the Plaintiff during his employment with Defendants.

THE COLLECTIVE BARGAINING AGREEMENT

25. There is a collective bargaining agreement ("CBA") between New Food Corp. and the United Food and Commercial Workers Local 342 ("Union"). A copy of an unsigned

CBA is annexed hereto as Exhibit A.  Upon information and belief, the terms of this agreement are currently in effect.

26. Article 8(H) of the CBA states that "[w]ork performed on Sunday by full-time employees shall be paid for at the rate of time and one half (1 1/2) the employee's straight-time hourly rate."

27. According to Article 18 of the CBA, "No employee may be discharged except for proper cause."

28. Article 22 of the CBA contains the following Grievance Procedures:

Should differences arise between the Union or its members and the Employer as to the interpretation, application, or enforcement of any of the provisions of this Agreement, except differences, which arise involving Contributions, Welfare, Pension, Safety Education and Cultural or Legal Funds, they shall be handled in the following manner:

(A) The aggrieved employee and Union Representative or either, may, not later than thirty (30) days following the occurrence of the grievance, present and discuss same with the Employer, or such other person designated by the Employer. If not presented within thirty (30) days of its occurrence, the grievance shall be considered waived.

(B) If not settled at the shop level, the Union Representative may then present the grievance, in writing to the Employer's Personnel Manager or other designated representative.  An answer to the grievance shall be submitted in writing to the Union not more than live (5) days after its presentation.

(A) In the event the grievance shall not have been satisfactorily adjusted between the parties by the procedures set forth above, then the matter may be submitted to arbitration.

## FACTUAL ALLEGATIONS

29. Plaintiff Pablo Orellana was hired by Ferreira Foodtown beginning in approximately 2009.  At the time, he was 18 years old.

30. On July 29, 2014 a class and collective action lawsuit was commenced against New Food Corp., JCA Food Corp, JJC Food Corp, SWF Food Corp., Mother Food Corp., and Jason Ferreira (collectively "Ferreira Foodtown"), in the United States District Court for the

- 4 -

Eastern District of New York titled *De Los Santos, et al. v. New Food Corp.,* 14-cv-4541(JFB)(AYS)(hereinafter "*De Los Santos*").

31. Plaintiff was employed by in the meat department of New Food Corp. from the date of commencement of the *De Los Santos* case until December 2017.

32. On January 4, 2016 Plaintiff Pablo Orellana signed a consent to join *De Los Santos*.

33. The plaintiff's consent form was filed via ECF on January 15, 2016.

34. At a June 2016 court conference, Ferreira Foodtown agreed to pay the sum of $1,566,500 to resolve the claims in *De Los Santos*.

35. According to a spreadsheet furnished to Ferreira Foodtown in August 2017, Pablo Orellana's share of *De Los Santos* settlement was approximately $23,000.00.

36. On August 10, 2017, Ferreira Foodtown disputed Pablo Orellana's share of the settlement, claiming that he had only worked for one year prior to the beginning of *De Los Santos*, and suggesting his share of the settlement was too high.

37. Prior to the *De Los Santos* lawsuit the Plaintiff was not issued any written warnings by Ferreira Foodtown.

38. After the Plaintiff filed his consent form, the Defendants issued him written disciplinary warnings on approximately four (4) occasions.

39. After the Plaintiff filed his consent to join, the Defendants changed the Plaintiff's job duties to include cleaning the meat department.

40. When Plaintiff cleaned the meat department for the first time, he was written up for not cleaning the department properly.

41. Thereafter, the Defendants instructed the Plaintiff to clean the meat department by pouring undiluted bleach on all food contact surfaces and the floor. He was then directed to add dish washing soap and scrub the surfaces using a brush.

42. The Plaintiff was furnished with gloves but was not furnished with a respirator or any other protective gear.

43. The combination of undiluted bleach and dishwashing detergent solution was toxic.

44. Just before the end of the day on December 6, 2017, the Plaintiff cleaned the meat department as directed, with bleach and dishwashing soap.

45. As a result, the Plaintiff experienced stomach pain, nausea and burning in his eyes, nose, and throat.

46. The Plaintiff then descended the stairs to the basement, where there was a bathroom and break room. The Plaintiff remained in the bathroom for approximately 20 minutes and then changed out of his clothes, which were saturated with bleach, and removed his work smock. He then ascended the stairs and punched out.

47. Following the *De Los Santos* lawsuit, the Defendants had implemented a rule requiring that employees punch out before removing their smocks or work uniforms.

48. On December 8, 2017 the Plaintiff was terminated for his extended "break", and for removing his smock before he punched out.

49. The Defendants did not have "proper cause" to terminate the Plaintiff pursuant to Article 18 of the CBA.

*The Union's Breach of Its Duty of Fair Representation*

50. For at least 10 years prior to *De Los Santos,* Ferreira Foodtown disregarded the contractual provisions of the CBA regarding the payment of wages and overtime. More specifically,

> (a) New Food Corp. failed and refused to pay Union member employees "time and a half" for work performed on Sunday in violation of Article 8(H) of the CBA;
>
> (b) Upon information and belief, Ferreira Foodtown engaged in practices which included (1) paying fixed salaries to union employees, regardless of the actual hours worked, (2) modifying time clock records to deprive Union member employees of payment for all hours worked, (3) engaging in wage theft by simply refusing to pay Union member employees for the full wages earned, and (4) paying Union member employees at rates below those specified in the CBA.

51. Prior to *De Los Santos* the Union did not enforce section 8(H) of the CBA and did not enforce the provisions relating to proper payment of overtime and wages.

52. On July 10, 2018, more than 7 months after the Plaintiff was terminated, the Union advised the Plaintiff that they would be unable to proceed with the filing of a grievance and a Demand for Arbitration.

53. The Union did not furnish any reason for refusing to proceed with the filing of a grievance and a Demand for Arbitration.

FIRST CAUSE OF ACTION

RETALIATION

FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 ET SEQ.

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

56. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 215.

57. Plaintiff's participation in *De Los Santos* constituted protected activity.

58. The Plaintiff's participation in *De Los Santos* was known to the Defendants.

59. Defendants retaliated against the Plaintiff by changing his duties and exposing him to toxic chemicals.

60. Defendants retaliated against the Plaintiff by issuing written reprimands.

61. Defendants retaliated against the Plaintiff by terminating him.

62. There is a causal connection between the Plaintiff's protected activity and the termination.

63. The Plaintiff's participation in *De Los Santos* was a motivating factor in the Defendants' decision to terminate the Plaintiff.

64. The Defendants' retaliatory actions occurred under circumstances giving rise to an inference of intentional discrimination against the Plaintiff.

65. Defendants acted with malice or with reckless indifference to the federally protected rights of the Plaintiff.   Therefore, Punitive damages are available. *Greathouse v. JHS Sec., Inc.*, 2016 U.S. Dist. LEXIS 115494, at *12 (S.D.N.Y. Aug. 29, 2016).

66. Due to Defendants' violations of the FLSA, plaintiff is entitled to back wages, front wages, liquidated damages, punitive damages, attorneys fees, and costs of the action.

67. Due to Defendants' violations of the FLSA, plaintiff is entitled to equitable relief, including reinstatement.

SECOND CAUSE OF ACTION

RETALIATION

NEW YORK LABOR LAW § 215

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. The Plaintiff is covered by the NYLL and entitled to the protections of NYLL § 215.

70. Plaintiff's participation in *De Los Santos*, as set forth above, constituted protected activity.

71. The Plaintiff's participation in *De Los Santos* was known to the Defendants.

72. Defendants retaliated against the Plaintiff by changing his duties and exposing him to toxic chemicals.

73. Defendants retaliated against the Plaintiff by issuing written reprimands.

74. Defendants retaliated against the Plaintiff by terminating him.

75. There is a causal connection between the Plaintiff's protected activity and the termination.

76. The Plaintiff's participation in *De Los Santos* was a motivating factor in the Defendants' decision to terminate the Plaintiff.

77. The Defendant's retaliatory actions occurred under circumstances giving rise to an inference of intentional discrimination against the Plaintiff.

78. Defendants retaliatory conduct constitutes "intentional or deliberate wrongdoing" and "willfully and wantonly disregards" the Plaintiff's rights. Therefore, punitive damages are available. *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC,* 813 F. Supp. 2d 489, 526 (S.D.N.Y. 2011).

79. Due to Defendants' violation of the NYLL, the Plaintiff is entitled to recover from Defendants liquidated damages in an amount up to $20,000, lost wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

80. Due to the Defendants' violation of the NYLL, the Plaintiff is entitled to equitable relief, including reinstatement.

THIRD CAUSE OF ACTION

AGAINST NEW FOOD CORP. FOR

BREACH OF COLLECTIVE BARGAINING AGREEMENT

29 USC § 185

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. According to Article 18 of the CBA, "No employee may be discharged except for proper cause."

83. New Food Corp's termination of the Plaintiff constituted a breach of Article 18 of the CBA.

84. New Food Corp., as detailed in this complaint, has violated the covenant of good faith and fair dealing with regard to Article 18 of the CBA.

85. Plaintiff has exhausted his remedies under the CBA.

86. The Union, as detailed in this complaint, has exhibited a pattern and practice of refusing to enforce the worker protections contained in the CBA, including the right to earn the wages and overtime specified in the CBA.

87. The Union has arbitrarily failed and/or refused to enforce the Plaintiff's rights under the CBA, including the protection against termination except for proper cause.

88. By willfully and arbitrarily disregarding the terms of the CBA and the Plaintiff's rights thereunder, the Union has breached its duty of good faith and fair dealing to the Plaintiff.

89. Plaintiff has been damaged by New Food Corp's breach of the CBA.

90. Plaintiff is entitled to compensatory damages for lost wages, front wages, health insurance, benefits and other compensation and benefits owed under the terms of the CBA.

91. Plaintiff is entitled to equitable relief, including reinstatement.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) Punitive damages in an amount to be determined by the fact finder;

(b) Lost wages and other compensatory damages;

(c) Front wages;

(d) Liquidated damages under the FLSA;

(e) Liquidated damages in an amount up to $20,000 under the NYLL;

(f) Pre-Judgment and Post-Judgment interest, as provided by law;

(g) Attorneys' fees and costs of suit, including expert fees;

(h) Injunctive relief, including reinstatement;

(i) Such other, injunctive and equitable relief as the Court may deem just and proper.

JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Glen Cove, New York
December 31, 2018

Respectfully Submitted,

MOSER LAW FIRM, P.C.

Steven John Moser
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com