**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
Pablo Orellana,

                      Plaintiff(s),

                                                                       [PROPOSED] INITIAL CASE
                                                                       MANAGEMENT
               -against-                                           STIPULATIONAND
                                                                       SCHEDULING ORDER
                                                                       18-CV-7466 (JMA) (AKT)

New Food Corp., et al.

                      Defendant(s).
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**     **DEADLINES AND COURT APPEARANCES**

        Deadline for completion of initial disclosures
        required by Rule 26(a):                            July 10, 2020

        First request for production of documents
        and first request for interrogatories due by:     August 10, 2020

        Responses to first request for production
        of documents and first set of interrogatories
        due by:                                                September 23, 2020

        Deadline for joinder of additional parties and
        amendment of pleadings:                       October 5, 2020

        Status Conference:                              _____

**II.**    **CHECKLIST TO BE COMPLETED BY THE PARTIES AND
        RETURNED WITH THE RULE 26(f) DISCOVERY PLAN:**

        A.     <u>Initial Disclosures</u>: Counsel confirm that the Initial Disclosures <u>HAVE NOT</u> been served.

        B.     <u>Stipulation and Order of Confidentiality</u>: Counsel confirm that they have consulted in good faith regarding the need for such an order.

Based on that consultation, counsel find that a Stipulation and Order of Confidentiality is <u>NEEDED</u>

C. <u>Electronically Stored Information ("ESI")</u>: Counsel confirm that they have met and conferred regarding the existence of any relevant ESI on both sides.

The parties have had some preliminary discussion about the type of ESI which is in their clients' respective possession or control and how they wish to have such ESI produced.

Based on those discussions, counsel are advising the Court that the relevant ESI may consist of

1. Any available surveillance footage showing the incident for which the Plaintiff was allegedly terminated;
2. Available electronic wage and hour records for the Plaintiff for the six year period immediately preceding the filing of the complaint;
3. Text messages and emails of Plaintiff regarding the allegations in the complaint
4. Text messages and emails of Defendants regarding the allegations in the complaint.

D. <u>HIPAA Release Authorizations</u>:   Counsel confirm that such authorizations for this case are <u>NOT NEEDED.</u>

Dated:   Central Islip, New York
         June 30, 2020

MOSER LAW FIRM, P.C.
Attorneys for Plaintiff

By: Steven J. Moser
5 East Main Street
Huntington, NY  11743
631-759-9766 (tel/fax)
steven.moser@moserlawfirm.com

FOX ROTHSCHILD LLP
Attorneys for Defendants

By: Heather R. Boshak
49 Market Street
Morristown, NJ  07960
(973) 992-4800
(973) 992-9125 (fax)
hboshak@foxrothschild.com

**SO ORDERED:**


KATHLEEN TOMLINSON
United States Magistrate Judge